981 F.2d 1261
 RICO Bus.Disp.Guide 8161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Burton H. WOLFE, Plaintiff-Appellant,
v.
INT'L BROTHERHOOD OF TEAMSTERS, et al., Defendants-Appellees.
 No. 91-16261.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided Dec. 7, 1992.
 
 Before BOOCHEVER, NOONAN and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is a civil RICO action under 18 U.S.C. § 1964(c) by a taxicab driver against his former union and his former employer alleging violations of 18 U.S.C. § 1962(c). The district court granted summary judgment for the defendants, denied leave to amend the complaint, denied the appellant's discovery request, refused to appoint counsel for the appellant, and awarded costs to the appellee. We affirm.
 
 FACTS
 
 3
 Burton H. Wolfe drove a cab for DeSoto Cab Company of San Francisco, California, from 1970 through 1985. DeSoto's collective bargaining agreement with Chauffeurs' Local 265 of the International Brotherhood of Teamsters classified Wolfe as an employee until October 17, 1982, the date on which he signed a Taxicab Lease Agreement with DeSoto. Wolfe continued to lease a taxicab on a week-to-week basis until he resigned in September 1985. Wolfe filed this action on January 22, 1990. The complaint alleged that the defendants formed an "enterprise" within the meaning of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68, to deprive Wolfe and other drivers of union representation, employee rights, and employee benefits. Wolfe asserted RICO claims under 18 U.S.C. § 1964(c) against the defendants that alleged violations of 18 U.S.C. § 1962(c) based on the following predicate acts: (1) mail fraud in violation of 18 U.S.C. § 1341, for allegedly mailing false representations concerning the effect of signing the lease agreements; (2) wire fraud in violation of 18 U.S.C. § 1343, for alleged telephone calls in pursuit of the leasing scheme; (3) obstruction of justice in violation of 18 U.S.C. § 1503 for allegedly submitting perjured testimony to the district court in 1989 in a related case; and (4) RICO conspiracy in violation of 18 U.S.C. § 1962(d). Wolfe claims to have suffered loss of certain rights, loss of certain wages, non-payment of certain other sums, and emotional distress.
 
 DISCUSSION
 1. Summary Judgment
 
 4
 The district court concluded that even viewing the evidence in the light most favorable to Wolfe, the defendants were entitled to summary judgment on the RICO claims. We agree. Under 28 U.S.C. § 1962(c), the only compensable injury is for financial loss caused by the RICO predicate acts. Reddy v. Litton Indus., 912 F.2d 291, 294 (9th Cir.1990), cert. denied, 112 S.Ct. 332 (1991). Wolfe contends in his complaint that the predicate acts involved mail fraud, wire fraud, and obstruction of justice, yet alleges that his financial loss was caused by being unable to obtain a new lease agreement due to blacklisting and face-to-face misrepresentations about him by the defendants. It is clear, then, that Wolfe would be unable to succeed in his cause of action under § 1962(c).
 
 2. Denial of Leave to Amend the Complaint
 
 5
 The district court took the unusual step of denying Wolfe's motion to amend his pro se complaint. The district court's denial is warranted since it is not an abuse of discretion to deny leave to amend a complaint when any proposed amendment would be futile. Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau, 701 F.2d 1276, 1292-93 (9th Cir.1983), cert. denied, 464 U.S. 822 (1983). Wolfe's complaint alleged that his financial loss was caused by blacklisting and face-to-face misrepresentations about him by the defendants. It would be impossible for him to amend his complaint and allege an injury that was caused by the RICO predicate acts "without contradicting the allegations of his original complaint." Reddy, 912 F.2d at 296-97.
 
 
 6
 Even allowing Wolfe to amend his complaint so that he could allege that his financial loss was caused by the predicate act of mail fraud would not help. A four-year statute of limitations that begins to run when the plaintiff had constructive knowledge of the alleged fraud applies to all civil RICO actions. Beneficial Standard Life Ins. Co. v. Madariga, 851 F.2d 271, 274-75 (9th Cir.1988). The plaintiff is deemed to have constructive knowledge of the fraud if he possessed enough information to pursue an investigation which, if reasonably diligent, would have led to discovery of the fraud. Beneficial Standard Life, 851 F.2d at 275. Wolfe filed an action in state court on December 31, 1985, that alleged the same five causes of action for fraud that he raises in this case. Wolfe v. Sedan Operators Coop., San Francisco Super. Ct., No. 850944. This demonstrates that Wolfe had actual knowledge of the alleged fraud more than four years before he filed this action on January 22, 1990. The statute of limitations would bar Wolfe's claim.
 
 3. Discovery Request
 
 7
 The district court denied Wolfe's discovery requests relating to phone records and written correspondence between the defendants regarding the alleged RICO conspiracy under 28 U.S.C. § 1962(d). In order to have standing under § 1962(d), the conspiratorial acts that cause financial loss to the plaintiff must be "essential" to the alleged conspiracy. Reddy, 912 F.2d at 295. The Reddy court found that the firing of the whistleblower plaintiff was not essential to the continuation of the defendant's conspiracy to bribe Saudi Arabian government officials. Similarly, Wolfe was just one potential lessee in the taxicab companies' leasing arrangement. Despite the annoyance that he may have caused to the taxicab companies, his blacklisting was not "essential" to the continuation of any alleged conspiracy by the defendants to form a racketeering enterprise to deprive drivers of union representation, employee rights, and employee benefits. The district court did not abuse its discretion in rejecting Wolfe's discovery request since he lacked standing to bring an action alleging a RICO conspiracy under § 1962(d).
 
 4. Appointment of Counsel
 
 8
 The district court refused to appoint counsel for Wolfe pursuant to 28 U.S.C. § 1915(d). Section 1915(d) permits the appointment of counsel in civil cases only under "exceptional circumstances" that include an evaluation of "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). Neither of these factors is "dispositive and both must be viewed together before reaching a decision." Id. The remote likelihood of Wolfe's success on the merits outweighs the need for counsel to unravel the legal arguments of a civil RICO action.
 
 5. Court Costs
 
 9
 The district court awarded court costs to the defendants as permitted "as of course to the prevailing party" under Fed.R.Civ.P. 54(d). The defendants were clearly the prevailing party in this case and it does not appear that the court attempted to punish Wolfe for bringing this action. In fact, the court rejected the defendants' motion for monetary sanctions against Wolfe. We conclude that the district court acted properly.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3